IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| LASHANDA HARRIS CALLOWAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 3:20-cv-228-JTA |
| | ) | |
| KILOLO KIJAKAZI, | ) | (WO) |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

Pursuant to 42 U.S.C. § 405(g), the claimant, Lashanda Harris Calloway ("Calloway"), brings this action to review a final decision by the Commissioner of Social Security ("Commissioner"). (Doc. No. 1.) [1]  The Commissioner denied Calloway's claim for a period of disability, disability insurance benefits ("DIB"), and supplemental security income ("SSI"). (*Id.*) The parties have consented to the exercise of dispositive jurisdiction by a magistrate judge pursuant to 28 U.S.C. § 636(c). (Docs. No. 7, 8.)

Based upon a review of the record and the briefs submitted by the parties, the Court finds that the decision of the Commissioner is due to be REVERSED and this matter be REMANDED for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

---

[1] Document numbers, as they appear on the docket sheet, are designated as "Doc. No."

# I.   PROCEDURAL HISTORY AND FACTS

Calloway was born on June 4, 1971 (R. 268)[2] and was 47 years old at the time of the administrative hearing held on March 7, 2019.  (R. 101.)  She completed high school, as well as some basic college courses.  (R. 103.)  Her prior work includes media general operations, cashier, stocking shelves, assembling batteries, assistant caregiver, and general work for a landlord. (R. 104, 105-08.)  She alleges a disability onset date of October 15, 2014 (R. 268, 275), due to fibromyalgia, lupus, hypertension, right knee subchondral cysts, polyarthritis, polyneuropathy, myopathy, vitamin B12 deficiency, pes planus, degenerative disc disease, major depressive disorder, and post-traumatic stress disorder ("PTSD") (R. 110).  Calloway later amended her disability onset date to November 11, 2016.  (R. 290.)

Calloway applied for a period of disability, DIB, and SSI on November 20, 2017, under Title II and Title XVI of the Social Security Act, 42 U.S.C. §§ 401, *et seq*.  ("The Act").  (R. 269, 275.)  The applications were denied on January 4, 2018 (R. 198-207), and Calloway requested an administrative hearing (R. 225-27).  Following the administrative hearing (R. 97-121), the Administrative Law Judge ("ALJ") denied Calloway's requests for benefits in a decision dated July 5, 2019 (R. 22-38).  The Appeals Council denied Calloway's request for review on February 25, 2020, making the Commissioner's decision final.[3]  (R. 1-4.)  On April 1, 2020, Calloway filed the instant action appealing the decision of the Commissioner. (Doc. No. 1.)

---

[2] Citations to the administrative record are consistent with the transcript of administrative proceedings filed in this case.  (Doc. No. 18).

[3] *See Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986).

## II.    STANDARD OF REVIEW

Judicial review of disability claims is limited to whether the Commissioner's decision is supported by substantial evidence and whether the correct legal standards were applied.  42 U.S.C. § 405(g); *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005). "The Commissioner's factual findings are conclusive" when "supported by substantial evidence." *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001).  "Substantial evidence" is more than a mere scintilla and is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) (quoting *Lewis v. Callahan*, 125 F.3d 1346, 1349 (11th Cir. 1997)).  Even if the Commissioner's decision is not supported by a preponderance of the evidence, the findings must be affirmed if they are supported by substantial evidence.  *Id*. at 1158-59; *see also Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990).  The court may not find new facts, reweigh evidence, or substitute its own judgment for that of the Commissioner.  *Bailey v. Soc. Sec. Admin., Comm'r*, 791 F. App'x 136, 139 (11th Cir. 2019); *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004); *Dyer*, 395 F.3d at 1210.  However, the Commissioner's conclusions of law are not entitled to the same deference as findings of fact and are reviewed *de novo*.  *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1260 (11th Cir. 2007).

Sentence four of 42 U.S.C. § 405(g) authorizes the district court to "enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."  42 U.S.C. § 405(g).  The district court may remand a case to the

3

Commissioner for a rehearing if the court finds "either . . . the decision is not supported by substantial evidence, or . . . the Commissioner or the ALJ incorrectly applied the law relevant to the disability claim." *Jackson v. Chater*, 99 F.3d 1086, 1092 (11th Cir. 1996).

### III.   STANDARD FOR DETERMINING DISABILITY

An individual who files an application for Social Security DIB and SSI must prove that she is disabled. *See* 20 C.F.R. § 404.1505; 20 C.F.R. § 416.920.[4] The Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505(a).

Disability under the Act is determined under a five-step sequential evaluation process. *See* 20 C.F.R. § 404.1520. The evaluation is made at the hearing conducted by the ALJ. *See Washington v. Comm'r of Soc. Sec.*, 906 F.3d 1353, 1359 (11th Cir. 2018). First, the ALJ must determine whether the claimant is currently engaged in substantial gainful activity. 20 C.F.R. § 404.1520(b). "Substantial gainful activity" is a work activity that involves significant physical or mental activities. 20 C.F.R. § 404.1572(a). If the ALJ finds that the claimant is engaged in substantial gainful activity, the claimant cannot claim disability. 20 C.F.R. § 404.1520(b). Second, the ALJ must determine whether the claimant has a medically determinable impairment or a combination of impairments that

---

[4] Although DIB and SSI are separate programs, the law and regulations governing claims under the respective programs are identical; therefore, claims for DIB and SSI are treated identically for the purposes of determining disability. *See Patterson v. Bowen*, 799 F. 2d 1455, 1456 n.1 (11th Cir. 1986).

significantly limit the claimant's ability to perform basic work activities.  20 C.F.R. §
404.1520(c).  Absent such impairment, the claimant may not claim disability.  *Id*.  Third,
the ALJ must determine whether the claimant meets or medically equals the criteria of an
impairment listed in 20 C.F.R. § 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(d),
404.1525, and 404.1526.  If such criteria are met, then the claimant is declared disabled.
20 C.F.R. § 404.1520(d).  If the claimant has failed to establish that she is disabled at the
third step, the ALJ may still find disability under the next two steps of the analysis.  At the
fourth step, the ALJ must determine the claimant's residual functional capacity ("RFC"),
which refers to the claimant's ability to work despite her impairments.  20 C.F.R. §
404.1520(e).  The ALJ must determine whether the claimant has the RFC to perform past
relevant work.  20 C.F.R. § 404.1520(f).  If it is determined that the claimant is capable of
performing past relevant work, then the claimant is not disabled.  20 C.F.R. §
404.1560(b)(3).  If the ALJ finds that the claimant is unable to perform past relevant work,
then the analysis proceeds to the fifth and final step.  20 C.F.R. § 404.1520(g)(1).  In this
final analytical step, the ALJ must decide whether the claimant can perform any other
relevant work corresponding with her RFC, age, education, and work experience.  20
C.F.R. § 404.1560(c).  Here, the burden of proof shifts from the claimant to the ALJ in
proving the existence of a significant number of jobs in the national economy that the
claimant can perform given her RFC, age, education, and work experience.  20 C.F.R. §§
404.1520(g), 404.1560(c).

## IV.   ADMINISTRATIVE DECISION

Within the structure of the sequential evaluation process the ALJ found that Calloway has not engaged in substantial gainful activity since November 11, 2016, the alleged amended onset date of disability, and that she suffers from the following severe impairments that significantly limit her ability to perform basic work activities: "fibromyalgia, polyarthralgia, cervicalgia, right knee subchondral cysts, hypertension, left foot posterior tibial tendinitis, obesity, depression, and post-traumatic stress disorder[.]" (R. 28.)  The ALJ concluded that Calloway's severe impairments do not meet or medically equal the severity of one of the listed impairments in 20 C.F.R. Part 404, subpart P, appendix 1. (*Id.*)

After consideration of the entire record, the ALJ determined that Calloway retains the RFC to perform light work[5] as defined in 20 C.F.R. § 404.1657(b) and § 416.967(b), "except [Calloway] needs a sit/stand option with the ability to alternate sitting, standing, and/or walking positions at will throughout the day while remaining on task." (R. 30.)  The ALJ found the following workplace limitations applicable to Calloway:

> She can occasionally perform bilateral pushing and pulling of foot controls. [Calloway] can frequently handle and finger bilaterally.  She can occasionally climb ramps and stairs but never climb ladders and scaffolds. [Calloway] can occasionally stoop, kneel, crouch, and crawl.  She can never work in environments of unprotected heights or around hazardous, moving mechanical parts.  [Calloway] can occasionally operate a moving vehicle for

---

[5] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds.  Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls.  To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities . . ."  20 C.F.R. § 404.1657(b).

commercial purposes.  She can have occasional exposure to extreme cold and humidity and wetness.  [Calloway] is limited to simple tasks and occasional interaction with supervisors, co-workers, and the public.

(*Id.*)

Following the testimony of the Vocational Expert ("VE"), the ALJ determined that Calloway was precluded from performing any past relevant work.  (R. 36.)  The ALJ also found that based upon Calloway's age, education, work experience and RFC, there are jobs that exist in "significant numbers in the national economy" that she can perform. (R. 37.) The ALJ concluded that Calloway is not disabled as defined by the Act and that she had not been under a disability from November 11, 2016, through July 5, 2019, the date of the ALJ's decision.  (R. 37, 38.)

## V.    DISCUSSION

Calloway presents two arguments on appeal.  First, she argues the new evidence presented to the Appeals Council by Kevin Mullins warrants a remand.  (Doc. No. 16 at 9.)  Second, she argues the ALJ's findings of her RFC are inconsistent with the medical opinion of Dr. Thomas Amason, thus the findings are not supported by substantial evidence.  (*Id.* at 13-17.)

The Court evaluates each of Calloway's arguments below.

A.   New Evidence Submitted to the Appeals Council Warrants Remand.

Calloway asserts that remand is necessary because the Appeals Council committed a legal error when it did not consider evidence from Kevin Mullins ("Mullins"), a licensed professional counselor, that is new, material, and chronologically relevant.  (Doc. No. 16

at 9.)  The Commissioner responds that the Appeals Council properly considered the new

evidence and properly declined to review the ALJ's decision.  (Doc. No. 17 at 7.)

At issue are two letters by Mullins regarding Calloway's ability to perform mental

demands of work activities.  *See* 20 C.F.R. s 404.1513(a)(2)(ii).  Mullins' first letter, which

is dated March 1, 2019, provides

> [Calloway] has been diagnosed with Posttraumatic Stress Disorder (PTSD)
> as a result of persistent and significant traumatic events throughout her life.
>
> As a result, [she] exhibits behaviors including, but not limited to, irritability
> and angry outbursts (with little or no provocation) typically expressed as
> verbal or physical aggression toward others, along with difficulty
> concentrating and staying on task.
>
> It is unclear whether [her] emotional condition would keep her from
> attending work,but would most certainly make it difficult for her to interact
> with others in a manner deemed socially appropriate within a work
> environment.

(R. 852.)  The ALJ reviewed this letter and found it to be "generally persuasive," but noted

that " 'difficult' is somewhat vague and not a specific vocational term."  (R. 35.)  The ALJ

then discussed the medical records regarding Calloway's generally normal mood, affect,

memory, attention span, fund of knowledge, thought processes, judgment and insight.  (*Id*.)

The ALJ concluded that Calloway "is limited to simple tasks and occasional interaction

with supervisors, co-workers, and the public."  (*Id*.)

Mullins' second letter, which is dated August 15, 2019, was provided to the Appeals

Council.  (R. 15.)  The second letter states its purpose is "to clarify" the March 1, 2019

letter as to Calloway's ability to interact with the general public, interact with coworkers,

maintain socially appropriate behavior, accept instruction and respond to criticism,

maintain attention and concentration, adhere to a schedule through attendance and punctuality, perform at a consistent pace, and complete a normal workday without interruptions due to her psychological symptoms.  (R. 16.)  Calloway received a rating of "rarely" on the first three categories, and "never" on the remaining five categories, respectively.  (*Id.*)  The Appeals Council found the "evidence did not show a reasonable probability that it would change the outcome of the decision" and "did not exhibit the evidence."  (R. 2.)

A claimant is allowed to present new evidence at each stage of the administrative process, including before the Appeals Council.  20 C.F.R. § 404.900(b).  "The Appeals Council must consider new, material, and chronologically relevant evidence and must review the case if the ALJ's action, findings, or conclusion is contrary to the weight of the evidence currently of record."  *Douglas v. Comm'r of Soc. Sec.*, 764 F. App'x 862, 862–63 (11th Cir. 2019) (quoting *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1261 (11th Cir. 2007)).  "When the Appeals Council refuses to consider new evidence submitted to it and denies review, that decision [the denial of review] is ... subject to judicial review because it amounts to an error of law."  *Falge v. Apfel*, 150 F.3d 1320, 1324 (11th Cir. 1998) (citation omitted).  "[W]hen a claimant properly presents new evidence to the Appeals Council, a reviewing court must consider whether that new evidence renders the denial of benefits erroneous."  *Ingram*, 496 F.3d at 1262.  To succeed on a claim that remand is appropriate, Calloway must show that (1) new, noncumulative evidence exists, (2) the evidence is material such that a reasonable possibility exists that the new evidence

would change the administrative result, and (3) good cause exists for the applicant's failure to submit the evidence at the appropriate administrative level. *Falge*, 150 F. 3d at 1323.

Here, Mullins' second letter meets the criteria for remand. The letter is new as it did not exist on the date of the ALJ's hearing. The letter is noncumulative as it relates to Calloway's ability to perform mental demands of work activities as of March 2019 and there is no other evidence in the record which addresses these limitations. The letter is chronologically relevant as it clarifies information provided to the ALJ in March 2019 during the time period for which benefits were sought. Moreover, good cause exists for the failure to submit the August 2019 letter to the ALJ because the letter did not exist at the time of the ALJ's hearing or decision. *See Caulder v. Bowen*, 791 F.2d 872, 878-79 (11th Cir. 1986) ("Nonexistence of the evidence at the time of the administrative proceedings may constitute good cause.") (citations omitted). Finally, the letter is material as there is a reasonable probability that it would change the administrative outcome. Mullins wrote the letter, following the ALJ's decision, to clarify his prior opinion which the ALJ stated was "vague" and did not use "a specific vocational term." (R. 16, 35.) The letter clearly expounds on Mullins' prior opinion as to how Calloway's mental condition would make it "difficult for her to interact with others in a manner deemed socially appropriate." (R. 16, 852.) This letter includes terminology consistent with the vocational terms and defines how they are used.[6] (R. 16.) The terminology used in the letter regarding

---

[6] Mullins' chart uses the terms "never," "rarely," "occasionally," "frequently," and "constantly." (R. 16.) "Rarely" means 1% to 5% of an eight-hour workday, "occasionally" means 6% to 33% of an eight-hour workday, and "frequently" means 34% to 66% of the eight-hour workday. (R. 16.)

Calloway's ability to perform mental demands of work activities aims to resolve any ambiguity regarding the term "difficult."  The letter relates directly to one of Calloway's severe impairments, PTSD, about which there was minimal evidence presented to the ALJ as to its impact on Calloway's ability to perform mental demands of work activities. Because the ALJ found Mullins' March 2019 opinion to be "generally persuasive," there is a reasonable probability that the ALJ may find clarification of the same to be persuasive or, at least, the ALJ may pose hypotheticals to the VE which address these limitations. Accordingly, the Court finds that remand is warranted under sentence four of 42 U.S.C. § 405(g) for the Commissioner to review Mullins' August 2019 letter in accordance with the record as a whole.

   B.   The ALJ Properly Considered Dr. Amason's Opinions.

Calloway argues the ALJ's RFC findings are inconsistent with the acceptance of the medical opinions of Dr. Thomas Amason ("Dr. Amason"), the Disability Determination Services medical consultant.  (Doc. No. 16 at 13-14.)  Calloway contends the "ALJ had a duty to provide reasons for rejecting any medical opinion which places limitations on [Calloway] that the ALJ did not adopt" and the ALJ's failure to explain why she rejected some of Dr. Amason's restrictions resulted in legal error.  (*Id*. at 16.)  The Commissioner responds that the RFC is supported by substantial evidence.  (Doc. No. 17 at 9.)

The RFC is an assessment, based upon all of the relevant evidence, of a claimant's remaining ability to do work despite her impairments. *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997); *see* 20 C.F.R. § 416.945(a)(1) (2012).  Calloway filed her application after May 23, 2017, so it is governed by the new regulations describing how

11

evidence is categorized, considered, and articulated when an RFC is assessed.  *See* 20 C.F.R. §§ 404.1513(a), 404.1520c, 416.913(a), 416.920c (2017).   The governing regulations describe five different categories of evidence: (1) objective medical evidence, (2) medical opinions, (3) other medical evidence, (4) evidence from nonmedical sources, and (5) prior administrative medical findings.[7]   20 C.F.R. §§ 404.1513(a)(1)–(5); 416.913(a)(1)–(5).   Regarding two of these categories—medical opinions and prior administrative findings—an ALJ is not required to "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative finding(s) including those from the claimant's medical sources."   20 C.F.R. §§ 404.1520c(a); 416.920c(a); *see also Lee v. Saul*, 2020 WL 5413773, *5 (M.D. Ala. Sept. 9, 2020) ("The revisions [to Social Security regulations regarding the evaluation of medical evidence] state that the Commissioner 'will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from ... medical sources.' 20 C.F.R. § 404.1520c(a)."). Instead, an ALJ must use the following factors when considering medical opinions or administrative findings: (1) "[s]upportability"; (2) "[c]onsistency"; (3) "[r]elationship with the claimant"; (4) "[s]pecialization"; and (5) other factors, such as "evidence showing a

---

[7] The regulations define prior administrative findings:

> A prior administrative finding is a finding, other than the ultimate determination about whether you are disabled, about a medical issue made by our Federal and State agency medical and psychological consultants at a prior level of review (see § 416.1400) in your current claim based on their review of the evidence in your case record, such as ... your residual functional capacity . . . .

§§ 404.1513(a)(2), (5); 416.913(a)(2), (5).

medical source has familiarity with the other evidence in the claim or an understanding of [the SSA's] disability programs policies and evidentiary requirements." §§ 404.1520c(c)(1)-(5); 416.920c(c)(1)-(5).  Supportability and consistency are the most important of the five factors, and the ALJ must explain how they were considered.  §§ 404.1520c(b)(2); 416.920c(b)(2); *see also Swingle v. Commissioner of the Social Sec. Admin.*, 2020 WL 6708023, *2 (M.D. Fla. Nov. 16, 2020) ("When evaluating the persuasiveness of medical opinions, the most important factors are supportability and consistency.")  An ALJ may discuss how he or she evaluated the other factors but is not generally required to do so.  §§ 404.1520c(b)(2); 416.920c(b)(2). In addition, when a medical source provides multiple opinions, the ALJ need not articulate how he or she evaluated each medical opinion individually.  §§ 404.1520c(b)(1); 416.920c(b)(1). Instead, the ALJ must "articulate how [he or she] considered the medical opinions ... from that medical source together in a single analysis using the factors listed [above], as appropriate." *Id*.

Here, Dr. Amason completed a disability determination at the initial level of the administrative process and concluded Calloway did not meet the requirements for disability benefits.  (R. 170-197.)   Dr. Amason's determination included a Physical Residual Functional Capacity Assessment of Calloway. (R. 180-183, 192-195.) Dr. Amason opined Calloway could stand and/or walk for a total of about six hours in an eight-hour workday, and sit for about six hours in an eight-hour workday.  (R. 181, 192.)  Dr. Amason also opined Calloway could perform light work, with postural limitations, such as occasionally climbing ramps and stairs; never climbing ladders, ropes, or scaffolds; occasionally

stooping; occasionally kneeling; occasionally crouching, and occasionally crawling. (R. 180-81, 184, 193-94, 196.)  Dr. Amason further opined that there are manipulative limitations to Calloway, including limited overhead reaching, limited handling to both hands, and unlimited fingering and feeling. (R. 181-82, 193-94.)

The ALJ considered the opinions of Dr. Amason but implicitly found some of the opinions unpersuasive. (R. 34.)  The ALJ considered Dr. Amason's opinions that Calloway "could perform light work; occasional postural maneuvers except never climb ladders, ropes, and scaffolds and unlimited balancing; occasional overhead reaching and handling bilaterally; and avoid all exposure to hazards." (R.34.)  The ALJ noted that "Dr. Amason's opinion was consistent with the record[,] to the extent that there was little evidence to support finding [Calloway] to be limited to the levels alleged," but found that "the evidence supports limitations that are more restrictive." (*Id*.)  In reaching this conclusion, the ALJ considered Calloway's medical records containing objective medical evidence, such as her April 2017 whole body bone scan and August 2018 cervical x-rays. (*Id*.)  The ALJ noted Calloway had normal range of motion on her lumbar and cervical spine, no sensory or motor deficits, her gait was normal, and she had normal range of motion of her knees. (*Id*.) Given this evidence, the ALJ found Calloway capable of performing light work – as did Dr. Amason – except the ALJ added that Calloway "needs a sit/stand option with the ability to alternated sitting, standing, and/or walking positions at will throughout the day while remaining on task." (R. 34.)  The ALJ also found that Calloway can "frequently handle and finger bilaterally" in addition to other RFC findings. (R. 30, 34.)

Considering the record before it, the Court finds that Calloway's argument is without merit. Contrary to Calloway's assertion, any failure by the ALJ to address each and every limitation on Dr. Amason's Physical Residual Functional Capacity Assessment does not constitute reversible error. The amended regulations do not require an ALJ to articulate how she or he considered each opinion or finding from a medical source individually. 20 C.F.R. § 416.920c(b)(1) ("We are not required to articulate how we considered each medical opinion or prior administrative medical finding from one medical source individually."). The record establishes the ALJ considered the required factors, supportability and consistency, and found Dr. Amason's opinions to be somewhat unpersuasive. This decision was supported by a thorough discussion of the medical records which linked the ALJ's RFC assessment to specific evidence in the record bearing upon Calloway's ability to perform the physical, mental, sensory, and other requirements of work. *See, e.g., Packer v. Astrue*, 2013 WL 593497, *4 (S.D. Ala. Feb. 14, 2013) (" '[T]he ALJ must link the RFC assessment to specific evidence in the record bearing upon the claimant's ability to perform the physical, mental, sensory, and other requirements of work.' "), *aff'd*, 542 F. App'x 890 (11th Cir. Oct. 29, 2013). Such analysis is all that the regulations require. *See* 20 C.F.R. § 416.920c(b)(2). The Court finds no reversible error on this issue.

## VI.    CONCLUSION

For the foregoing reasons, the Court finds that the decision of the Commissioner is not supported by the proper legal standards. Therefore, it is hereby

ORDERED that the decision of the Commissioner is REVERSED pursuant to sentence four of 42 U.S.C. § 405(g) and this matter is REMANDED for further proceedings consistent with this opinion.

A separate judgment will be issued.

DONE this 8th day of November, 2021.

JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE